1. INTERPLEADER—COSTS.
     Where defendant was sued for a debt which it admitted owing, but the right to receive which was asserted by adverse claimants, it was not entitled, on payment of the fund into court pursuant to an order of interpleader, to recover costs.

Appeal from Special Term, New York County.

Action by Emil F. Scharff against the Supreme Lodge Knights of Honor on a certificate of insurance. Defendant filed a verified motion for an order of interpleader, showing that the amount claimed by plaintiff was also claimed by Margaretta Scharff, and offering to pay the amount of the certificate into court on substituting Margaretta Scharff as defendant. From an order granting the motion for interpleader, and allowing defendant costs, plaintiff appeals. Modified in part.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Emanuel S. Cahn, for appellant.
Henry A. Powell, for respondent.

PER CURIAM. We think this order should be affirmed, but defendant was not entitled upon such a motion to have costs awarded to it. The order accordingly should be modified by striking out the $10 costs, and, as so modified, affirmed, without costs.

(96 App. Div. 495.)

MOTT v. CITY OF UTICA.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. MUNICIPAL CORPORATIONS—STREET CLEANING—CONTRACTS—CONSTRUCTION.
     A contract for street cleaning provided that the work should be done according to specifications which declared that the work should consist in "cleaning the roadway from curb to curb," and that the clause quoted should be interpreted to include, in addition to the roadway, all cross-walks, street crossings, and intersections of cross-streets, to the outer lines of the street being cleaned. Held, that the contract only covered the cleaning of the roadway between the curbs of the various streets and cross-streets, and did not authorize the contractor, in addition, to clean parts of the cross-walks which were on a level with the sidewalks, and between the curbs and the margin of the streets.

2. SAME—CITY SURVEYOR—AUTHORITY.
     Where a contract for street cleaning provided that the work should be performed under the supervision and direction, and be subject to the ap-

proval, of the city surveyor, such officer had authority to prohibit the doing of work by the contractor which was not within the contract.

3. SAME—EXTRA WORK.

Where a contract for street cleaning, with its specifications, made a distinction between "street dirt," proper, and materials placed in. the street by lot owners, and required the contractor to remove all street cleanings and scrapings at a specified price per great square of 1,000 feet, according to the kind of pavement cleaned, and also declared that, whenever the contractor was in doubt as to when any material found on the streets constituted street dirt, he should remove the same, provided the quantity was less than half a cubic yard, and report the fact to the office of the city surveyor, but the contract provided no price for the removal of material other than street dirt, the contractor was entitled to recover extra compensation for the removal of such other material.

4. SAME—PREJUDICIAL ERROR.

Where a city street cleaning contractor was not required by his contract to remove materials other than street dirt, and, in an action for compensation for the removal of such materials, was erroneously denied the right to prove the quantity of material so removed, and the reasonable value of the service, such ruling could not be sustained on appeal on the ground that it would be difficult to determine how much of such material other than street dirt had been removed, and what it was reasonably worth to remove it.

McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Daniel L. Mott against the city of Utica. From a judgment in favor of plaintiff on one cause of action, and from an order denying a new trial on the minutes, defendant appeals; and, from an order of nonsuit on the second cause of action, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William E. Seavey, for plaintiff.
John G. Gibson, for defendant.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted.

The action was brought upon a contract for sprinkling, cleaning, sweeping, and removing the dirt from the paved streets of the city of Utica. The first cause of action was for the recovery of profits lost by plaintiff by reason of his not being permitted to perform and receive pay for certain work claimed to be covered and included in the contract, viz., upon that portion of the cross-walks on the level with the sidewalks, and not within the curb lines of the streets. The court held with the plaintiff as to the construction of the contract, and that it covered this work, and the jury rendered a verdict for lost profits in reference thereto of $512.99.

The city caused specifications to be made of the work, and the contract provided that the plaintiff should do the work designated in the specifications pursuant to the provisions thereof. The specifications provided (subdivision 13) that the work should consist in "cleaning the roadway from curb to curb," and (subdivision 14) that the term "cleaning the roadway from curb to curb" should be interpreted to include, in addition to the roadway, all cross-walks, street

crossings, and intersections of cross-streets to the outer lines of the street being cleaned. The question is as to the construction of this language of the fourteenth subdivision. The plaintiff claimed he was to clean not only the roadway between the curbs, including the roadways into the side streets to the margin of the street being cleaned, and including such parts of the cross-walks as were between the curbs, but also all parts of the cross-walks which were on a level with the sidewalks, and between the curbs and the margin of the streets. For a few months he did this latter work, and drew his pay therefor. The city surveyor then notified him that this work was not within his contract, and forbade him doing it, and from that time on he did not do the work, nor draw his pay therefor. He therefore lost whatever profits there were in doing that work, if it was included in his contract. We think the proper construction of the language confined all the work within the curbs of the street being cleaned and the cross-streets, and covered no work on a level with the sidewalks and between the curbs and the margin of the streets. The language of subdivision 13 alone would confine the work to the curbs of the street being cleaned. The provisions of subdivision 14 were required to carry the work at the street crossings around into the cross-streets, to the margin of the street being cleaned. This would cover the cross-walks along the street being cleaned across the cross-streets, so far as the same were within the curbs of the streets. We think it was not the intention to cover anything but roadway between the curbs of the various streets and cross-streets. While the construction to be given the language used in the fourteenth subdivision is not so clear as it might be made, we think this a more reasonable one than that given by the trial court. This work has never in fact been done, and the city should not be compelled to pay profits never earned, in fact, upon a doubtful construction of the contract. This verdict of the jury should therefore be set aside, and the judgment and order entered therein reversed. We do not think the objection made by the city, that the city surveyor had no authority to prohibit the doing of this work, is well taken. The contract provided that the work should be performed under the supervision and direction and subject to the approval of the city surveyor. The plaintiff could not go counter to his directions, and, when he forbade the work to be done, the plaintiff had to obey. It was the city that spoke through its surveyor.

The second cause of action was to recover compensation for the sweeping and removal of material which was not street dirt, and was not material for the removal of which plaintiff was paid under the general provisions of the contract. The court would not permit any evidence to be given to establish this cause of action, but held that the plaintiff was compelled to remove all material, whether street dirt proper, or material placed in the street by lot owners along the street, taken from their yards or gardens, and was entitled to no pay for such work, beyond the provision in the contract for compensation for the removal of street dirt. In this we think the court erred. The contract and specifications make it quite clear that a distinction was made between street dirt proper, and materials placed in the street

by lot owners. The plaintiff was to remove all street cleanings and sweepings, and was to be paid for this work a certain price per great square of 1,000 square feet, according to the kind of pavement cleaned. This was the provision of the contract itself, and of subdivisions 13, 14, 18, 20, and 21 of the specifications. And then subdivision 26 provided:

"Whenever in doubt as to whether any material that may be found on the streets comes under the head of street dirt, the contractor shall remove the same provided the quantity thereof is less than half a cubic yard, and report the fact to the office of the city surveyor."

The contract provided a price for the removal of street dirt only. Other material was not expected to be in the street. Lot owners had no right to put their refuse upon the streets, and the city ought not to pay for the removal thereof. The contract provided, however, for the contingency that some such refuse would be placed in the street; that, if the amount was small, the contractor should remove it, and report it to the city. If the amount was large, no provision was made for its removal at all. The city had power to compel the lot owner to remove such refuse from the street, whether the amount was large or small, and might compel him to pay for its removal. There was no reason why the contractor should remove it without pay, and the contract did not provide for such payment. It was work done, therefore, for which no compensation was expressly provided. Having required the plaintiff to do the work, the city was liable for what it is necessarily worth.

It is said it would be difficult to determine how much material not street dirt was removed, and what it was reasonably worth to remove it. We are not interested in that question now. The plaintiff offered to make proof on the subject, and was not permitted to give any evidence whatever. His evidence was all excluded, and a nonsuit granted, upon the theory that he was by the contract required to remove all materials of this character, less than one-half a cubic yard in amount, without any compensation other than that provided generally by the contract.

The judgment entered upon this decision of the court should be set aside, and a new trial granted. The judgment as a whole, therefore, and the order denying a motion for a new trial, should be reversed, and a new trial granted, upon questions of law only; the facts having been examined, and no error found therein. All concur, except McLENNAN, P. J., who dissents, and SPRING, J., who dissents from reversal on plaintiff's appeal.